**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**FEDERATED PUBLICATIONS, INC. d/b/a the State Journal, Respondent.**

No. 75–1928.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 4, 1976.

Decided Nov. 10, 1976.

---

Elliott Moore, Paul Spielberg, Deputy Gen. Counsel, Washington, D.C., Edmund D. Cooke, Jr., Deputy Associate Gen. Counsel, N. L. R. B., Washington, D.C., for petitioner.

Albert Dolata, Gregory L. Thornton, Gannett Co., Inc., Truman G. Searle, Nixon, Hargrave, Devans & Doyle, Rochester, N. Y., for respondent.

Before PHILLIPS, Chief Judge, and EDWARDS and PECK, Circuit Judges.

PER CURIAM.

This case is before the court on the application of the National Labor Relations Board for enforcement of its order issued against respondent on June 2, 1975. Reference is made to the decision and order of the Board at 218 N.L.R.B. No. 20 for a recitation of pertinent facts.

■ The Board held that the newspaper's "contract haulers" were employees rather than independent contractors. We conclude that this holding of the Board is supported by substantial evidence on the record as a whole. *Universal Camera Corp. v. N. L. R. B.*, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951); *Aetna Freight Lines v. N. L. R. B.*, 520 F.2d 928, 930 (6th Cir. 1975); *N. L. R. B. v. Pepsi Cola Bottling Co.*, 455 F.2d 1134 (6th Cir. 1972); *The News Journal Company v. N. L. R. B.*, 447 F.2d 65 (3rd Cir. 1971), *cert. denied*, 404 U.S. 1016, 92 S.Ct. 676, 30 L.Ed.2d 664 (1972); *Maxwell Company v. N. L. R. B.*, 414 F.2d 477, 481 (6th Cir. 1969).

■ There is also substantial evidence on the record as a whole to support the conclusion of the Board that the Company violated §§ 8(a)(3) and (1) of the Act by discharging all its "contract haulers" and that a bargaining order is an appropriate remedy. *N. L. R. B. v. Gissell Packing Co., Inc.*, 395 U.S. 575, 89 S.Ct. 1918, 23 L.Ed.2d 547 (1969).

The Company contends that the Board's unit determination is without an articulated rationale, and constitutes an abuse of discretion. We conclude that this contention is not supported by the record.

Enforcement granted.